IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,708

In the Matter of MITCHELL B. CHRISTIANS,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed October 29, 2021. Ninety-day suspension.

*Julia A. Hart*, Deputy Disciplinary Administrator, argued the cause, and *Stan Hazlett*, Disciplinary Administrator, was on the formal complaint for the petitioner.

*Mitchell B. Christians,* respondent, argued the cause pro se.

PER CURIAM:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Mitchell B. Christians, of Salina, an attorney admitted to the practice of law in Kansas in 1986.

On January 29, 2020, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an untimely answer to the complaint on October 30, 2020. The respondent appeared in person pro se at the hearing before a panel of the Kansas Board for Discipline of Attorneys, which was conducted on November 5, 2020. At the hearing the respondent stipulated that his conduct violated KRPC 1.1 (2021 Kan. S. Ct. R. 321), 1.3 (2021 Kan. S. Ct. R. 325), 1.4 (2021 Kan. S. Ct. R. 326), and 5.3 (2021 Kan. S. Ct. R. 403). The Disciplinary Administrator had included an allegation

1

that the respondent had violated KRPC 8.4(d) (2021 Kan. S. Ct. R. 427) (professional misconduct prejudicial to the administration of justice) but withdrew the allegation at the disciplinary hearing.

At the conclusion of the hearing, the panel determined that respondent had violated KRPC 1.1 (competence); 1.3 (diligence); 1.4 (communication); and 5.3 (responsibilities regarding nonlawyer assistance). The panel set forth its findings of fact and conclusions of law, along with its recommendation on disposition, in a final hearing report, the relevant portions of which are set forth below.

"*Findings of Fact*

. . . .

"10.   On March 22, 2018, the court appointed the respondent to represent N.J. in a misdemeanor criminal case filed in Dickinson County, Kansas, case number 18 CR 70. N.J. was charged with three counts of animal cruelty. Following a bench trial, on June 21, 2018, the district magistrate convicted N.J. of two counts of animal cruelty.

"11.   On July 3, 2018, the respondent filed a timely notice of appeal of the convictions. The respondent, however, failed to timely file a docketing statement as required by Supreme Court Rule 2.04.

"12.   Later, the respondent realized that he failed to file the docketing statement. On November 1, 2018, the respondent filed a motion to file docketing statement out-of-time. That same day, the respondent filed a docketing statement. On November 9, 2018, the Kansas Court of Appeals granted the respondent's motion to docket the appeal out-of-time.

2

"13.    Thereafter, the appellant's brief was due December 19, 2019. The respondent failed to file a timely brief on behalf of his client. On January 10, 2019, the Kansas Court of Appeals ordered the respondent to file a brief by January 29, 2019. In the order, the court stated that it would not consider a motion for an extension of time to file the brief, absent exceptional circumstances.

"14.    The respondent failed to file a brief by January 29, 2019, as ordered by the court. On February 14, 2019, the Kansas Court of Appeals dismissed N.J.'s appeal. In the order, the court noted that the respondent failed to respond to the January 10, 2019, order. Thereafter, on March 25, 2019, the Kansas Court of Appeals issued the mandate to the district court.

"15.    On February 14, 2019, Chelsea Langland, the motions attorney for the Kansas Court of Appeals, sent a letter to the disciplinary administrator's office. In the letter, Ms. Langland stated that the respondent failed to file a brief and, as a result, the Kansas Court of Appeals dismissed an [*sic*] the respondent's client's appeal. Ms. Langland's letter was docketed for investigation.

"16.    Suzanne Valdez, a member of an ethics and grievance committee, investigated the complaint. During the investigation, the respondent told Ms. Valdez that he has three email addresses, including one which was provided to the attorney registration office for court notices. The respondent stated that he does not regularly check his email inboxes, including the email address which he provided to the attorney registration office for court notices. The respondent explained that he has employees who are responsible for calendaring and notifying him of deadlines. Despite being provided a copy of the orders through his email address provided to the attorney registration office, the respondent informed Ms. Valdez that he did not know N.J.'s appeal had been dismissed.

"*Conclusions of Law*

"17.    Based upon the respondent's stipulation and the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1 (competence), KRPC 1.3 (diligence), KRPC 1.4 (communication), and KRPC 5.3

3

(responsibilities regarding nonlawyer assistance), as detailed below. During the hearing, the disciplinary administrator withdrew the allegation that the respondent violated KRPC 8.4(d) (professional misconduct prejudicial to the administration of justice).

## "KRPC 1.1

"18. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' *Id*. The respondent failed to provide competent representation to N.J. when he failed to properly calendar the deadlines, failed to prepare and file a brief on N.J.'s behalf, and when he failed to keep track of the status of the appeal. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.1.

## "KRPC 1.3

"19. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the respondent failed to act with reasonable diligence and promptness in representing N.J. when he failed to timely docket the appeal, failed to timely file a brief on behalf of N.J., and failed to respond to the order of the Kansas Court of Appeals, dated January 10, 2019. Because the respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the respondent violated KRPC 1.3.

## "KRPC 1.4

"20. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id*. The respondent failed to keep N.J. informed about the status of the appeal. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

4

"KRPC 5.3

"21.  Lawyer must properly supervise nonlawyer assistants. KRPC 5.3 provides the requirements in this regard:

'With respect to a nonlawyer employed or retained by or associated with a lawyer:

'(a)    a partner and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

'(b)    a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

'(c)    a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if:

> (1)  the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
>
> (2)  the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.'

Thus, attorneys, in supervisory positions, must properly supervise nonlawyer assistants.

"22.    The respondent is a sole practitioner with a support staff. The respondent delegated certain tasks to his support staff, to include calendaring deadlines and checking email inboxes for court notices.

"23.    Regardless of the respondent's delegation of duties, the respondent remains responsible for his staff's conduct. The respondent must 'make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance' that his staff's conduct is compatible with the respondent's professional obligations. KRPC 5.3(a). Further, the respondent is also required to 'make reasonable efforts to ensure that [his staff]'s conduct is compatible' with the respondent's professional obligations. KRPC 5.3(b).

"24.    Apparently, the respondent's nonlawyer staff failed to calendar the deadline to docket the appeal, failed to calendar the deadline for the brief, failed to check the email inbox for the order of the Kansas Court of Appeals, and failed to calendar the second brief deadline set by the court. The system that the respondent has in place did not 'ensure that the firm has in effect measures giving reasonable assurance' that the conduct of his staff is compatible with the respondent's professional obligations under the Kansas Rules of Professional Conduct, in violation of KRPC 5.3(a). Further, the respondent did not 'make reasonable efforts to ensure that [his staff]'s conduct is compatible['] with the respondent's professional obligations under the Kansas Rules of Professional Conduct, in violation of KRPC 5.3(b). Accordingly, the hearing panel concludes that the respondent violated KRPC 5.3.

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"25.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

6

"26. *Duty Violated*. The respondent violated his duty to N.J. to provide competent and diligent representation and adequate communication. The respondent also violated his duty to the legal system to properly calendar deadlines and supervise his nonlawyer assistants.

"27. *Mental State*. The respondent negligently and knowingly violated his duties. While the respondent knew he had an appeal pending on behalf of N.J., he knew that he had to docket the appeal, and he knew that he had to file a brief, the respondent negligently failed to properly calendar the associated deadlines. Further, the respondent knew that he designated an email address for efiling purposes, he negligently failed to check the email inbox for court orders.

"28. *Injury*. As a result of the respondent's misconduct, the respondent caused actual injury to N.J. – her direct appeal of her two criminal convictions was dismissed.

"Aggravating and Mitigating Factors

"29. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

a. *Prior Disciplinary Offenses*. The respondent has been previously disciplined on five occasions.

1) On April 10, 1996, the disciplinary administrator informally admonished the respondent for violating KRPC 1.4 (communication).

2) In March, 1999, the disciplinary administrator informally admonished the respondent for mishandling a bankruptcy case.

3) On April 16, 1999, the Kansas Supreme Court placed the respondent on probation for 18 months for having violated KRPC 1.1 (competence), KRPC 1.3 (diligence), KRPC 1.4 (communication),

7

KRPC 1.15 (safekeeping property), and KRPC 8.4 (professional misconduct). The respondent successfully completed the terms and conditions of probation. On January 2, 2001, the court discharged the respondent's probation.

4) On September 2, 2010, the disciplinary administrator informally admonished the respondent for violating KRPC 1.1 (competence) and KRPC 1.3 (diligence).

5) On August 22, 2017, the disciplinary administrator informally admonished the respondent for having violated KRPC 1.1 (competence), KRPC 1.3 (diligence), and KRPC 5.3 (responsibilities regarding nonlawyer assistance).

b. *Multiple Offenses*. The respondent committed multiple rule violations. The respondent violated KRPC 1.1 (competence), KRPC 1.3 (diligence), KRPC 1.4 (communication), and KRPC 5.3 (responsibilities regarding nonlawyer assistance). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

c. *Vulnerability of Victim*. N.J., the respondent's client, was vulnerable to the respondent's misconduct.

d. *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1986. At the time of the misconduct, the respondent had been practicing law for more than 30 years.

"30. Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

a. *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct was not motivated by dishonesty or selfishness.

b. *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*. The respondent suffers from depression and congestive heart failure. Additionally, the respondent struggles with alcohol abuse. It appears that the respondent's mental health, medical health, and substance abuse problems contributed to his misconduct.

c. *The Present and Past Attitude of the Attorney as Shown by His Cooperation During the Hearing and His Full and Free Acknowledgment of the Transgressions.* The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts and rule violations.

d. *Remorse.* At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

e. *Remoteness of Prior Offenses.* The misconduct which gave rise to the discipline imposed in 1996, 1999, and 2010 is remote in time, but not remote in character to the misconduct in the instant case.

"31. In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42 Suspension is generally appropriate when:

'(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

'(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

9

'4.43   Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

. . . .

'7.2   Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

'7.3   Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

. . . .

'8.2   Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

"*Discussion*

"32.   The hearing panel is concerned that the respondent has not yet taken the steps to rectify the problems which lead to the misconduct in this case. In this case, the respondent's email inboxes were not being monitored and case deadlines were not properly calendared. The respondent indicated that he had delegated those duties to support staff. In his closing argument, the respondent acknowledged that he has not yet resolved his staffing issues which [led] to the missed deadlines and the dismissal of his client's appeal.

"33.   Because the underlying problems have not been resolved and because the respondent has been disciplined so many times before for the same type of misconduct, the hearing panel concludes that a period of suspension is warranted.

10

"34.   The disciplinary administrator recommended that the respondent be suspended for 90 days. The disciplinary administrator further recommended that the respondent be required to undergo a reinstatement hearing. Finally, the disciplinary administrator suggested to the respondent that during the period of suspension, the respondent develop a plan of probation, secure a practice supervisor approved by the disciplinary administrator, and work with KALAP.

*"Recommendation of the Respondent*

"35.   The respondent's recommendation for discipline is unclear. It appears that the respondent recommended that his license to practice law not be suspended.

*"Recommendation of the Hearing Panel*

"36.   Based upon the respondent's stipulations, the findings of fact, the conclusions of law, the aggravating and mitigating factors, and the Standards listed above, the hearing panel unanimously recommends that the respondent's license to practice law in Kansas be suspended for a period of 90 days. The hearing panel further recommends that prior to reinstatement, the respondent be required to undergo a hearing pursuant to Rule 232. At the reinstatement hearing, the hearing panel recommends that the respondent present a plan of supervised probation to the reinstatement hearing panel.

"37.   Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of the KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct

must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 226(a)(1)(A) (2021 Kan. S. Ct. R. 276). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint, to which he filed an untimely answer. During the hearing before the disciplinary panel respondent admitted to violating KRPC 1.1, 1.3, 1.4, and 5.3. No exceptions were filed in the case, and the finding of facts as set forth in the hearing panel's final hearing report are deemed admitted. Supreme Court Rule 228(g)(1), (2) (2021 Kan. S. Ct. R. 281). The evidence before the hearing panel clearly established the charged misconduct violated KRPC 1.1 (competence); 1.3 (diligence); 1.4 (communication); and 5.3 (responsibilities regarding nonlawyer assistance).

The only issue left for us to resolve is the appropriate discipline. The disciplinary panel and Disciplinary Administrator recommended that we suspend respondent's license to practice law for 90 days and that respondent be subject to a reinstatement hearing under Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287). Both also recommended that the respondent develop a supervised probation plan to present at the reinstatement hearing. The Disciplinary Administrator further recommended that the respondent work with Kansas Lawyers Assistance Program (KALAP) and its law office management program. Respondent requested that he be placed on probation, but he failed to provide a probation plan for the panel to consider prior to the disciplinary hearing as required by Supreme Court Rule 227 (2021 Kan. S. Ct. R. 277).

The court agrees with the combined recommendations of the disciplinary panel and the Disciplinary Administrator. The respondent has a documented history of

misconduct of a nature similar to the misconduct in this case. At the panel hearing, respondent stipulated to prior conduct violating KRPC 1.1, 1.3, 1.4, and 5.3. As for his most recent rule violations, the respondent's misconduct caused actual injury to his client, culminating in the dismissal of his client's direct appeal of two criminal convictions. Respondent explained that his staffing, health, and substance abuse issues contributed to the failure to get his deadlines calendared. While we are sympathetic to the respondent's current circumstances, he has demonstrated in the instant case that he continues to struggle in areas of practice management, e.g., he did not file a timely answer to the formal complaint, and he asked to be placed on probation even though he had not previously filed a probation plan as required by Rule 227. At oral argument, respondent noted that his health condition has improved, but he has not identified a comprehensive strategy to address all factors and issues contributing to the misconduct.

Based upon the arguments of the parties and the respondent's history of prior rule violations, the respondent's license shall be suspended for 90 days. Respondent must undergo a reinstatement hearing pursuant to Rule 232 before his petition for reinstatement will be considered. Respondent's petition for reinstatement must include a probation plan for appropriate supervision and support for the resumption of his practice of law. Such plan shall include, but not be limited to, a referral to KALAP to address the practice management, health, and substance abuse issues that contributed to the rule violations.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Mitchell B. Christians be and he is hereby suspended for 90 days from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 225(a)(3) (2021 Kan. S. Ct. R. 275) for violations of KRPC 1.1, 1.3, 1.4, and 5.3.

13

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 231 (2021 Kan. S. Ct. R. 286).

IT IS FURTHER ORDERED that if the respondent applies for reinstatement, he shall comply with Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287) and be required to undergo a reinstatement hearing.

IT IS FURTHER ORDERED that if the respondent applies for reinstatement, he shall submit a probation plan consistent with this opinion.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

14